IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

REGINALD SPENCE, Petitioner          :    Docket # 3:02CR 212(RNC)
                                     :
vs.                                  :    Pro Se
                                     :
UNITED STATES OF AMERICA             :

FILED
2005 APR 21  A II: 11
DISTRICT COURT
HARTFORD, CT.

MOTION TO VACATE SENTENCE ENHANCEMENTS
PURSUANT TO BLAKELY VS. WASHINGTON

COMES FORTH Reginald Spence, Petitioner Pro Se, moving this Court requesting an Order to Vacate his enhancements of the amount of drugs on the following grounds.

1. Petitioner states that the grand jury indicted him on 50 grams OR MORE of a MIXTURE containing a DETECTABLE amount of cocaine base, July 30th, 2002.

2. The lab report signed by a forensic chemist and lab director came up with a detection of 27.4 grams of pure drug on May 28th, 2002.

3. The Comprehensive Drug Act of 1970 alludes to the amount found on a person and the detectable amount found in the lab report is far below what the grand jury charged petitioner with and even lower than the amount on the plea agreement.

4. With Petitioner being ignorant of the law, it would be easy to utilize scare tactics in a plea agreement that is to be of the most meticulous of standards, Riggs vs. US 287 F3d 221 (1st Cir 2002). Contractural Principles apply insofar as what the government owes the Defendant, US vs. Gonzalez-Sanchez 825 F2d 572 (1st Cir 1987).

5. In letter from AUSA to Defense Counsel dated October 17th, 2002, shows a sale by Petitioner of 62.4 grams of cocaine base| Paragraph 6.

6. In paragraph 10 of the same letter that the CI referenced in the case is a convicted felon with a pending federal crack cocaine distribution case.

Petitioner therefore believes that his conviction was made completely on hearsay, which Defense Counsel never asked to question the CI which is a right under <u>Crawford vs. Washington Mar 2004</u>; that courts should be leery of information given to government agencies, or for that matter, government agents and given the fact that CI was and is a felon with pending charges should have brought light to this Court of the reason for the witness. In the Blakely Court it was found that <u>Jones vs. US 526 US 227; Apprendi vs. New Jersey 530 US 466; and Ring vs. Arizona 536 US 584</u>; made clear that a judge may impose solely on the basis of facts REFLECTED or ADMITTED but must be cautious of how and why it was ADMITTED. Petitioner believes that the upgrade in numbers (quantity) found in <u>Booker vs. US 375 F3d 508</u>, happened to him and believes that if the detected amount of cocaine base is 27.4 grams then that is what he should be charged with and not the inclinations from a CI searching for a favor, when the amount of pure drug is 27.4, so be it, charge the 27.4

Petitioner believes it was the duty of the Officer of the Court, (Defense Counsel), to question all witnesses according to the ABA code of ethics, thus bringing to conclusion of the total amount of drugs.

Petitioner therefore asks this Honorable Court to vacate the sentence of 120 months and resentence according to the amount of drugs, 27.4 grams.

Respectfully Submitted,

*Reginald Spence #14814-014*
Reginald Spence