```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

REGINALD SPENCE,                  :

     Petitioner,                  :
                                  :
V.                                :   CRIM NO. 3:02-CR-212(RNC)
                                  :   CIV NO. 3:05-CV-655 (RNC)

UNITED STATES,                    :

     Respondent.                  :
```

## RULING AND ORDER

Petitioner Reginald Spence pleaded guilty to selling 50 grams of more of cocaine base to a confidential government informant, and received a mandatory minimum sentence of 120 months.  The plea was accepted based on, among other things, the parties' stipulation that the offense involved more than 50 but less than 150 grams of cocaine base, see Plea Agreement, Feb. 25, 2003, at 3 (Doc. # 39), and petitioner's admission that the amount he sold to the informant was "about 62 grams."  See Petition to Enter Plea of Guilty, Feb. 25, 2003, at 11 (Doc. # 40).  Petitioner now moves to vacate his sentence contending that the amount of cocaine base he sold to the confidential informant was not reliably determined and could have been less than 50 grams.  For the reasons that follow, it is apparent that petitioner is not entitled to relief.  Accordingly, the motion is dismissed.  See Rules Governing Section 2255 Proceedings, Rule 4(b).

Petitioner relies on Blakely v. Washington, 542 U.S. 296

(2004), and United States v. Booker, 543 U.S. 220 (2005), for the principle that a court may not enhance a sentence based on the quantity of drugs involved in the offense unless the quantity is admitted by the defendant.  Neither of those cases is applicable. See Guzman v. United States, 404 F.3d 139, 144 (2d Cir. 2005)(Booker does not apply to cases "on collateral review where the defendant's conviction was final as of January 12, 2005, the date that Booker issued."); and Blakely, 542 U.S. at 305 n. 9 (stating that the "Federal Guidelines are not before us, and we express no opinion on them").  Even if those cases did apply, moreover, petitioner still would not be entitled to relief because he admitted that the quantity of cocaine base involved in his offense exceeded 50 grams.

   Petitioner faults his lawyer for failing to take steps to question the confidential informant concerning the amount involved in the sale.  See Motion to Vacate, at 2.  One can infer that he is attempting to raise a claim of ineffective assistance of counsel.  Assuming this is what he has in mind, any such claim is procedurally barred by the one-year deadline for filing motions under 28 U.S.C. § 2255.

   Section 2255 provides that the one-year period starts to run from the latest of (1) the date the conviction became final; (2) the date on which an impediment to making the motion was removed, if the movant was prevented from making the motion due to illegal

government action; (3) the date on which the right asserted was recognized by the Supreme Court, if the right is newly recognized and has been made retroactively applicable; and (4) the date on which the facts supporting the claim could have been discovered through the exercise of reasonable diligence.

In this case, as in most cases, the latest of these dates is the date the conviction became final: petitioner does not suggest that he was prevented from filing a timely motion; the right at issue (i.e. the right to effective counsel) is not newly recognized; and the factual basis for the claim (i.e. the lawyer's failure to question the confidential informant) was known to petitioner before he was convicted.

Petitioner's conviction became final on or about June 18, 2003, when the time for filing a notice of appeal expired. See Mosher v. United States, 402 F.3d 116, 118 (2d Cir. 2005) ("for purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires"); Fed. R. App. P. 4(b)(1)(A) (stating that in a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days of the entry of the order of judgment).  To be timely, therefore, his motion had to be filed on or before June 18, 2004.  The present motion was not filed

until approximately ten months later.[1]

Accordingly, petitioner's motion (Doc. # 74) is hereby dismissed.  The Clerk shall send a copy of this order to Reginald Spence, #14814-014, FCI Fort Dix, Federal Correctional Institution, Fort Dix, NJ 08640.

So ordered.

Dated at Hartford, Connecticut this 24th day of July 2006.

                                  _____\s\_____
                                        Robert N. Chatigny
                                  United States District Judge

---

[1] The motion was received by the Clerk's Office for filing on April 21, 2005.

4