IN
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

REGINALD SPENCE,         )
      PLAINTIFF,      )   CRIMINAL NO: 3:02-CR-212 (RNC)
                    )   JUDGE: HONORABLE ROBERT CHATNIGY
     v.               )
                    )
UNITED STATES OF AMERICA, )
         DEFENDANT, )
                    )
                    )

---

## MOTION PURSUANT TO 18 U.S.C. §3582(c)(2)
## TO MODIFY OR CORRECT SENTENCE

---

**NOW COMES,** The Petitioner Reginald Spence coming before the Court Pro se seeking to modify his sentence pursuant to U.S.C. 18§3582(c)(2) under the two level reduction granted by the United States Sentencing Commission. Under the retroactively of this adamendment that the District Court judges have the ability to (grant) a downward departure of two or more levels based on the new sentencing guidelines that have been applied retroactively.

By way of background on or about September 11, 2002, the Petitioner was arrested and charge with distribution of 50 grams or more of cocaine base to a confidential informant. Here now the Petitioner now moves under U.S.C. 18§3582(c)(2) to modify his sentence pursuant to the new sentencing guidelines set by the United States Sentencing Commission. Here a District Judge can move to depart on a sentence pursuant to **KIMBROUGH V. UNITED STATES**. A District Judge in the Eastern District of Virginia sentenced Kimbrough as though the offense involved powder cocaine which is a clear 1 to 1 ratio and **NOT** the

1.

previous 100 to 1 ratio.

Although the sentencing commission has reduced that ratio the Supreme Court emphatically stated that a District Judges 1 to 1 decision to sentence a cocaine base defendant under a 1 to 1 ratio as though the defendant possessed powder cocaine when he actually had crack cocaine is not an abuse of discretion. This holding essentially serves for District Judges to have authority to employ a 1 to 1 ratio when sentencing cocaine base offenders. Under 1 to 1 ratio the Petitioner would be a Level 16 Category 3 which is 50 grams but less than 100 grams of cocaine. Under the 1 to 1 ratio the Petitioner would have received a guideline range of 27-33 months with **NO** Mandatory Minimum and with a three point level reduction for accepting responsibility , a guideline range of 24-30 months.

## CONCLUSION

For the reasons stated the Petitioner respectfully request that this Court grant a sentence within reasonableness under **KIMBROUGH v. UNITED STATES** 1 to 1 ratio.

Wherefore the Petitioner prays that the Court will Grant this motion, in it's entirety.

I, Reginald Spence do hereby affirm and declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: March 03, 2008

Respectfully Submitted,

Reginald Spence
#14814-014
Federal Medical Center Devens
P.O. Box 879
Ayer, Massachusetts 01432

2.

# PROOF OF SERVICE

I, __Reginald Spence_____, certify that on __March 03_____,
200 8__ I mailed a copy of this document and all attachments via First Class mail to the following
parties **at the addresses listed below:**

> **UNITED STATES DISTRICT COURT**
> DISTRICT OF CONNECTICUT
> 450 MAIN STREET
> HARTFORD, CONNECTICUT
>              06103

# PROOF OF SERVICE FOR INCARCERATED LITIGANTS

In addition to the above Proof of service, all litigants who are currently incarcerated should
include the following statement with all documents to be filed with the court:

I certify that this document was given to officials[1] on this date for forwarding to the United
States District Court for the District of __Connecticut_____. I further certify
under penalty of perjury that the forgoing is true and correct. **Title 28 U.S.C. § 1746.**

Respectfully submitted this ___03_____ day of __March_____, 2008__.

Name: _Reginald Spence_____

Number: 14814-014_____

FMC Devens, Unit _J-B_____

P.O. Box 879

Ayer, Massachusetts 01432

---

1 Pleadings by prisoners who represent themselves are to be considered filed at the moment such pleadings are delivered to
prison authorities for forwarding to clerk. **Houston v Lack.** 487 U.S. 266 (1988).